CONSTRUCTION COMPANY OF NORTH AMERICA, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8134.   Promulgated December 28, 1927.

*Wm. H. Humphrey, Esq.,* and *Morgan J. Doyle, Esq.,* for the petitioner.
*A. H. Murray, Esq.,* for the respondent.

**OPINION.**

TRAMMELL: The determination of the respondent that the notes given in payment for the capital stock should be excluded from invested capital was based upon the ground that under the laws of the State of Delaware notes may not legally be taken in payment of capital stock. At the hearing, however, no contention was made with respect to this basis for the disallowance of the notes in invested capital but it was contended that it was not proven by the evidence that the notes given for the capital stock had any value.

Section 14 of Article I of the General Corporation Laws of Delaware provides:

Subscriptions to or purchase of the capital stock of any corporation organized or to be organized under any law of this state may be paid for wholly or

partly by cash, labor done, by personal property, or by real property or leases thereof, and the stock to be issued shall be declared and taken to be fully paid stock and not liable to any further call, nor shall the holder thereof be liable for any further payments under the provisions of this Chapter. And in the absence of actual fraud in the transaction, the judgment of the Directors as to the value of such labor, property, real estate or leases shall be conclusive.

We find no specific inhibition in the statutes of Delaware that promissory notes may not be taken in payment for capital stock.

This is a much stronger case than a situation where the statutes of the States specifically prohibit notes from being paid in for capital stock. Even in that case, in the absence of a provision of the statute or a clear implication therefrom that the notes were void, we have held that they should be included in invested capital. *Max Kaufman & Co. v. Bowers*, 11 Fed. (2d) 662; *Hewitt Rubber Co.*, 1 B. T. A. 424 (N. Y.) ; *American Steel Co.*, 1 B. T. A. 839 (Pa.) ; *Cross Mountain Coal Co.*, 2 B. T. A. 587 (Tenn.) ; *Feeders Supply Co.*, 8 B. T. A. 839 (Mo.).

It appears from the testimony that the notes were actually given in consideration for the issuance of the capital stock and this fact is admitted in the answer of the respondent.

Section 326 of the Revenue Act of 1921 provides that the term " invested capital " means (1) actual cash bona fide paid in for stock or shares; (2) actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment; (3) paid-in or earned surplus and undivided profits; (4) intangible property bona fide paid in for stock or shares.

Section 325(a) provides that the term " intangible property " means, among other things, notes and other evidences of indebtedness.

In view of the statute, only the actual cash value of the notes at the time paid in shall be included in invested capital. It was alleged in the petition that the makers of the notes were able to pay on demand, which allegation was denied.

There was no evidence of any character as to what the actual cash value of the notes paid in for stock was. In the absence of some evidence on the question we can not assume that the notes were worth their face value. There is no evidence that the makers of the notes were solvent and able to pay them. We, therefore, approve the determination of the respondent.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*